UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

       Plaintiff,                        CIVIL ACTION NO. 09-12640

       v.                               DISTRICT JUDGE DAVID M. LAWSON

HENRY FORD COMMUNITY        MAGISTRATE JUDGE VIRGINIA M. MORGAN
COLLEGE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

       This is a *pro se* action in which the plaintiff alleges that defendant Henry Ford Community College ("HFCC") violated plaintiff's constitutional and civil rights when it barred him from its premises during final examinations. The matter comes before the court on defendant's Motion to Dismiss (D/E #15). Plaintiff did not file a response to defendants' motion and the deadline for filing a timely response has passed. For the reasons discussed below, this court recommends that defendant's motion be **GRANTED** and that plaintiff's complaint be dismissed without prejudice.

### II. Background

On July 7, 2009, plaintiff filed the complaint against defendant in this matter (D/E #1). In its entirety, that complaint states:

> This is a Constitutional Issue, I was barred from HFCC during the testing of my Final examines. I never did any thing wrong at HFCC of the history of college years. I believe this barring is premise of a couple of students one murder and suicide victim. Doctor Meed, denied my constitutional right, denied my civil rights, Human rights, and Public Accommodations, Financing a new or used car. Ther must be over 9,000 students on campus and if none of them have a mental history I rest my case. Thus, why was I single-out. I only remember putting in complaint of staff and students participation and the way I had been treated. I have been an on and off going student at HFCC for over 30 years.

[Complaint, p.1 (spelling and grammar mistakes in original)]

On October 21, 2009, this court held a scheduling conference. Plaintiff did not appear at the conference.

On November 2, 2009, defendant filed the motion for summary judgment pending before the court (D/E #15). In that motion, defendant argues that plaintiff's complaint should be dismissed because it fails to state a claim upon which relief can be granted. Defendant also notes that plaintiff failed to appear at the scheduling conference and failed to contact defense counsel.

As discussed above, Plaintiff did not file a response in opposition to defendants' motion and the deadline for filing a timely response has passed. See LR 7.1(d)(1)(B).

**III. Discussion**

Defendant moves for dismissal on the basis that plaintiff failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings." A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the

parties and judgment on the merits can be achieved by focusing on the content of the competing pleadings, attached exhibits, matters incorporated into the pleadings, and any facts of which the court may take judicial notice. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (2009). For a Rule 12(c) motion, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only of the moving party is nevertheless clearly entitled to judgment. Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008). A Rule 12(c) motion is appropriately granted when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. Tucker, 539 F.3d at 549. In this sense, it is similar to a motion under Rule 56(c). A motion under 12(c) is also analyzed similarly to a motion under Rule 12(b)(6), in that the outcome turns exclusively on the pleadings. See Tucker, 539 F.3d at 550; Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). Under Rule 12(h), failure to state a claim upon which relief may be granted, may be raised by a motion under 12(c). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Sensations, 526 F.3d at 295. Factual allegations must be enough to raise a right to relief above the speculative level. Sensations, 526 F.3d at 295.

  Here, plaintiff's complaint fails to state a claim upon which relief can be granted and it should be dismissed without prejudice. The complaint lacks the specific facts underlying plaintiff's claims and it is not clear how this action arose. Plaintiff also fails to identify what his cause of action is or what specific right defendant is alleged to have violated. Instead, plaintiff

merely asserts that defendant violated his rights without providing any details. As discussed above, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and the actual allegations must be enough to raise a right to relief above the speculative level. Sensations, 526 F.3d at 295. Plaintiff has failed to meet that obligation in this case, he has failed to state a claim upon which relief can be granted, and his complaint should be dismissed.

## V. Conclusion

For the reasons discussed above, the court recommends that defendant's motion be **GRANTED** and that plaintiff's complaint be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                S/Virginia M. Morgan
                Virginia M. Morgan
                United States Magistrate Judge

Dated: December 23, 2009

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on December 23, 2009.

                s/Jane Johnson
                Case Manager to
                Magistrate Judge Virginia M. Morgan